IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENNIS B. JENNINGS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-21-569 |
| SHERIFF MULLENDORE, CAPTAIN D. MOORE, | * | |
| MAJOR ROWE, | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Dennis B. Jennings brought this civil action pursuant to 42 U.S.C. § 1983 against Sheriff Mullendore, Captain D. Moore, and Major Rowe. In his Complaint Jennings asserts violations of his constitutional rights arising from Defendants' housing him on Protective Custody and denial of mental health care in violation of his rights under the Fourteenth Amendment. ECF No. 1. As relief, he seeks monetary damages and injunctive relief. ECF No. 1, p. 4.

On July 6, 2021, Defendants Sheriff Mullendore, Captain D. Monroe, and Major Rowe filed a Motion to Dismiss, or in the Alternative Motion for Summary Judgment. ECF No. 9. On August 2, 2021, Jennings filed a response in opposition. ECF No. 11. Defendants have replied. ECF No. 12. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons explained below, the Court will GRANT Defendants Mullendore, Monroe, and Rowe's Motion, construed as a Motion to Dismiss.

### Background

In his unverified Complaint, Plaintiff Dennis B. Jennings, Jr. alleges that while housed at Washington County Detention Center ("WCDC") in Hagerstown, Maryland, he: 1) has been held

without bond since March 11, 2019; 2) has had limited access to the legal library; 3) was placed in Protective Custody and held in a single cell/locked down 22 hours a day since March 20, 2020; 4) complained to staff regarding fears that people were entering his cell at night and beating him; 5) woke up bleeding from his foot on December 19, 2020, and while he was provided medical treatment, no explanation for his injury was given; 6) was ridiculed by medical staff on January 23, 2021, regarding the cuts and bruises on his body; 7) spoke to Sgt. Vincent on January 3, 2021, about his unspecified concerns and was told by Vincent that he would look into it; and 8) placed on Protective Custody in order to cover up the injuries he has sustained.  ECF No. 1, pp. 2-3.

Defendants explain that Jennings is awaiting trial, scheduled for September 20, 2021, for attempted second degree murder, and related charges, arising from the assault of another inmate while he was housed at the Maryland Correctional Training Center.  ECF No. 9-3; ECF No. 9-6.  He is being held without bond.  ECF No. 9-6, p. 3.

While housed at WCDC Jennings has been found guilty of a number of inmate rule violations including: assaulting other inmates on at least four separate occasions (ECF No. 9-8; 9-12; 9-14; 9-16); passing items between his cell and the cell of another inmate (ECF No. 9-10); slipping his handcuffs (ECF No. 9-14); and tearing a television from the wall (ECF No. 9-17).  As a result of his rule violations, Jennings was placed on disciplinary segregation.  When his disciplinary segregation sentences ended, he was placed on Protective Custody.  ECF No. 9-13, pp. 12-33.

Defendants explain that WCDC has an Inmate Grievance Procedure which provides that if an inmate's grievance cannot be informally resolved with staff the detainee may request and file an Inmate Grievance Form.  ECF No. 9-19, p. 57; ECF No. 9-20, p. 56.  A Captain, or designee, will investigate the grievance and respond within 15 days of receipt of the grievance.  *Id*.  If the

grievant is dissatisfied with the outcome, they have seven days to send a written appeal to the Warden stating the reasons they disagree with the decision and what relief is sought. *Id*. The Warden will notify the grievant of his decision, in writing, within 15 days from the date the appeal is received. *Id*.

Jennings submitted grievances regarding his protective custody status and mental health treatment (ECF No. 9-18, pp. 1, 5, 7, 10-18, 27-32) but did not file a written appeal of the denial of those grievances. ECF No. 9-18 and ECF No. 9-9, ¶ 3 (Rowe Aff.).

In his unverified opposition response, Jennings claims that there is no information on how to appeal the denial of a location, you simply need to "write up the chain of command" which he claims to have done. ECF No. 11, p. 2. The record demonstrates that on July 1, 2020, February 2, 2021, and April 12, 2021, Jennings filed a grievance request form directly to the Warden asking to be removed from Protective Custody. ECF No. 9-18, pp. 7, 15, 30. The requests were denied. *Id*. On June 23, 2020, Jennings filed a grievance request with the Warden, Captain Long, Captain Moore, and the Shift Commander asking to be removed from Protective Custody. *Id*., p. 31. On April 19, 2021, Jennings submitted a grievance request form to the Warden and Captain Moore asking to be placed in population. *Id*., p. 5. None of the forms sent to the Warden note in any way that they are an appeal of a staff decision nor do they explain the reasons why Jennings disagreed with the decision of staff relative to a filed grievance. ECF No. 9-18.

**Standard of Review**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment.  *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).  In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits" *Goines v. Valley Community Services Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

**Analysis**

Defendants contend that Jennings's Complaint is subject to dismissal pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, because he did not properly present his claims through the administrative remedy procedure. ECF No. 9. The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for,

violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 3d 674, 682 (4th Cir. 2005). Nevertheless, a claim that has not been exhausted may not be considered by this Court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory, and a court usually may not excuse an inmate's failure to exhaust. *See Ross v. Blake*, 578 U.S. __, 136 S.Ct. 1850, 1856-57 (2016).

Ordinarily, a detainee must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he. . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). But the Court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison

officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

To pursue a grievance, a detainee confined at WCDC first files a grievance with a Captain or their designee. If unsatisfied with the result of the grievance the detainee must file a written appeal to the Warden. While the appeal does not need to be in any particular form the appeal does need to explain the basis for the grievant's disagreement with the decision of staff who denied the initial request. ECF No. 9-19; ECF No. 9-20. Although Jennings initiated the grievance process, he did not file a grievance appeal to the Warden as required by WCDC policy. ECF No. 9-18. As discussed above, the PLRA requires that inmates exhaust all available remedies. Because Jennings failed to do so, the Court will dismiss Jennings's Complaint.[1]

A separate Order follows.

  8/23/2021  
Date

                    /s/                    
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address Defendants' additional defenses.